IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

TAKAIYOUS ALLEN                    *

    Plaintiff,                  *

vs.                                *           CASE NO. 3:07-CV-040(CDL)

THOMAS DOCKERY, JR.                *

    Defendant.                  *

O R D E R

Plaintiff has filed a motion for reconsideration of this Court's order dismissing Plaintiff's complaint with prejudice. Plaintiff's motion (Doc. 27) is denied.

BACKGROUND

When Plaintiff failed to comply with his discovery responsibilities, Defendant filed a motion for sanctions. Plaintiff did not even bother to respond to the motion. The Court granted the motion, finding that Plaintiff had failed to respond to Defendant's discovery requests without justification and that Plaintiff's conduct required Defendant to file the motion for sanctions. (Order Granting Mot. for Sanctions, Feb. 14, 2008.) The Court ordered Plaintiff to fully, completely, and without objection, respond to Defendant's discovery requests by February 22, 2008. (*Id.*) The Court also ordered that Plaintiff pay Defendant $1,000.00 by February 22, 2008 for Defendant's cost and expense in having to pursue the discovery motion. (*Id.*) The Court notified Plaintiff that if he failed to

1

respond and comply with the Court's order, his complaint would be dismissed.

The Court's order apparently awakened Plaintiff's counsel--but just barely. Plaintiff's counsel waited until the date by which he was ordered to comply with the Court's order and filed a "Motion to Set Aside Order Dated February 14, 2008" (Doc. 13). Plaintiff's counsel sought to excuse his failure to comply with his discovery obligations by blaming it on his client, who was incarcerated. Plaintiff's counsel provided no reasonable explanation, however, as to why he had not sought in a timely manner a protective order or amendment to the scheduling order to delay his discovery response deadlines based upon his client's incarceration. The Court rejects Plaintiff's counsel's suggestion that the Court's extension of the general discovery period somehow excused him from complying with his specific discovery obligations regarding previously propounded discovery. Plaintiff's counsel also offered no legitimate excuse as to why he could not visit his client to obtain the requested discovery materials. Plaintiff's counsel did allege that as of the date of his motion to set aside, he had provided the requested discovery to Defendant's counsel.

Defendant's counsel responded that although Plaintiff's counsel did provide him with a packet of materials on the afternoon of February 22, 2008, the materials were not complete and did not comply

with the Federal Rules of Civil Procedure. It is undisputed that the payment of $1,000.00 ordered by the Court was never paid.

Finding no merit to Plaintiff's motion to set aside the Court's previous order, the Court denied that motion. (Order Den. Mot. to Set Aside, Feb. 26, 2008.) The Court further found that Plaintiff had failed to comply with the Court's previous order by failing to respond fully to Defendant's discovery requests and by failing to pay the court-ordered costs incurred by Defendant in having to bring the motion to compel. *Id.* Accordingly, the Court dismissed Plaintiff's complaint with prejudice, and judgment was subsequently entered in favor of Defendant (Doc. 16).

In response to that order and judgment, Plaintiff filed the present motion for reconsideration. In that motion, Plaintiff now seeks "mercy" via Rule 60(b) of the Federal Rules of Civil Procedure. (Br. in Supp. of Pl.'s Mot. to Recons. Dismissal Order of Feb. 26, 2008 Pursuant to Rule 60(b), at 2.) Plaintiff's counsel maintains that he deserves mercy because his failure to comply with his discovery-related obligations and his noncompliance with this Court's discovery order are attributable to "a breakdown in communication and organization which has been remedied and will not be repeated." (*Id* at 4.) Such an excuse, which sadly sounds like the proverbial and desperate "dog ate my homework" defense, is not legally sufficient under Rule 60(b).

3

## DISCUSSION

Rule 60(b)(1) authorizes the Court to relieve a party from a final judgment based upon "mistake, inadvertence, surprise, or excusable neglect." Subsection (6) of Rule 60(b) also provides that relief may be granted based upon "any other reason that justifies relief." The Court's authority to grant such relief is not, however, unlimited. *See Griffin v. Swim-Tech Corp.,* 722 F.2d 677, 680-681 (11th Cir. 1984)(finding no abuse of discretion in trial court's refusal to grant Rule 60(b)(6) relief from judgment resulting from failure to comply with discovery requests and related orders). No extraordinary circumstances exist in this case. Plaintiff failed to comply with his discovery obligations, and he compounded that failure when he failed to comply with this Court's discovery order. His failure was not due to mistake, inadvertence, surprise, or excusable neglect, and no other justifiable reason exists for relief.

The Court recognizes that dismissal of Plaintiff's complaint is a drastic remedy and should be imposed sparingly. However, it is required in this case. Plaintiff's counsel's conduct demonstrates a pattern of disregard for the rules of this Court and this Court's authority to enforce compliance with those rules. Plaintiff failed to respond to discovery requests served on November 26, 2007. He then failed to respond to Defendant's counsel's letter, which was delivered by Defendant's counsel pursuant to the Court's rules that require parties to try to work out their discovery differences before

burdening the Court with unnecessary motions for sanctions. Plaintiff's counsel then arrogantly ignored Defendant's motion for sanctions. Finally, after the Court granted that motion, Plaintiff failed to comply with the Court's order which required Plaintiff to respond fully to the discovery and pay Defendant $1,000.00 for his cost and expense in having to file the motion for sanctions. Now desperate to avoid a final judgment, Plaintiff's counsel offers nothing more than pleas for mercy with a promise that he will follow the Court's rules in the future.

The Court sympathizes with the Plaintiff's plight; but he bears ultimate responsibility for his choice of counsel. *See Pioneer Inv. Servs. Co. v. Brunswick Assoc. P'ship,* 507 U.S. 380, 396 (1993). While Plaintiff may have other remedies available for his counsel's neglect, relief from this Court's judgment is not one of them. Plaintiff's motion for reconsideration (Doc. 27) is denied.

IT IS SO ORDERED, this 4th day of April, 2008.

    S/Clay D. Land
    CLAY D. LAND
UNITED STATES DISTRICT JUDGE